# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRICHELLE MCDANIEL | CIVIL ACTION |
| VERSUS | NO. 17-9503 |
| KIEME FRANCIS ET AL | SECTION "L" (5) |

## ORDER & REASONS

Before the Court is Plaintiff's motion to remand. R. Doc. 7. Defendants have not responded. Having considered the Plaintiff's brief and the applicable law, the Court now issues this Order & Reasons.

### I. BACKGROUND

This case arises out of a motor vehicle accident that occurred on August 22, 2016. R. Doc. 1-1 at 3. Plaintiff Trichelle McDaniel ("McDaniel") alleges that, at the time of the accident, she was in her vehicle that was parked on the shoulder of Louisa Street in New Orleans, Louisiana. R. Doc. 1-1 at 3. Defendant Kieme Francis ("Francis") was driving a tractor-trailer truck and struck Plaintiff's vehicle from behind. R. Doc. 1-1 at 3. Plaintiff alleges that Defendant Kieme Francis was at fault in accident. R. Doc. 1-1 at 3. Plaintiff also alleges the liability of the following Defendants: SWG Logistics, LLC ("SWG") as the employer of Kieme Francis; Home State County Mutual Insurance Company ("Home State") as liability insurer of Kieme Francis and SWG Logistics, LLC; XYZ Corp. as an employer of Kieme Francis; and State Farm Insurance Company ("State Farm") as insurer of Plaintiff. R. Doc. 1-1 at 4-5. Plaintiff has claimed damages for pain and suffering, medical expenses, and loss of enjoyment of life. R. Doc. 1-1 at 5.

Defendants removed the case on the basis of diversity. R. Doc. 1. Defendant Home State has answered Plaintiff's complaint and generally denies the allegations. R. Doc. 5. Defendant

1

Home State also alleges seven affirmative defenses including failure to state a claim, contributory negligence, and failure to mitigate damages. R. Doc. 5. Defendant State Farm also answered Plaintiff's complaint and generally denies the allegations. R. Doc. 13. State Farm also alleges twenty-six affirmative defenses including failure to state a claim, contributory negligence, failure to mitigate damages, prescription, and that the Defendant Kieme Francis' insurance is sufficient to cover all claims by Plaintiff. R. Doc. 13.

## II. PENDING MOTION

Plaintiff has filed a motion to remand. R. Doc. 7. This motion was not filed within thirty (30) days after the notice of removal. Plaintiff argues that she was not properly served with the notice of removal and that this Court lacks subject matter jurisdiction over this case. R. Doc. 7-1 at 1-2. First, Plaintiff argues that notice of removal was not received by mail and that neither she nor her attorney consented to notice by electronic means. R. Doc. 7-1 at 1. Plaintiff argues that although her motion is not timely, the Court should nevertheless consider this motion because Plaintiff was not properly served with notice of removal. R. Doc. 7-1 at 2. Second, Plaintiff argues that there is not complete diversity in this case because the citizenship of XYZ Corp. has not been confirmed and that diversity is broken by the addition of the City of New Orleans as a defendant. R. Doc. 7-1 at 2. Plaintiff argues that there is not complete diversity with the City of New Orleans because Plaintiff is a citizen of Louisiana. R. Doc. 7-1 at 3. Defendants have not responded.

## III. LAW & ANALYSIS

### a. Standard for Remand

The removing defendant carries the burden of showing the existence of federal jurisdiction. *See Jernigan v. Ashland Oil, Inc.*, 989 F.3d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock*

*Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the nonmoving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

### b. Diversity Jurisdiction

In relevant part, 28 U.S.C. § 1332 provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between citizens of different states. Diversity jurisdiction requires complete diversity of citizenship. Therefore, federal courts do not have diversity jurisdiction if any plaintiff shares citizenship with any defendant. *Stiftung v. Plains Mkt., LP*, 603 F.3d 295, 297 (5th Cir. 2010). Here, Plaintiff demonstrates an impediment to diversity jurisdiction because the parties are not completely diverse in citizenship. The Defendant City of New Orleans is considered a citizen of the State of Louisiana and Plaintiff is also a citizen of the State of Louisiana. *Moor v. Alameda Cnty.*, 411 U.S. 693, 717–18 (1973) (holding that a political subdivision of a state is a citizen of the state for diversity purposes). Finding no other basis for original jurisdiction, the Court finds it does not have jurisdiction and must remand the case.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's motion is **GRANTED**.

New Orleans, Louisiana this 21st day of December, 2017.

_____
UNITED STATES DISTRICT JUDGE